897 F.2d 539
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Clifford G. BARNES, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 89-3312.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1990.
 
 Before RICH, MAYER and PLAGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Clifford G. Barnes (Barnes) appeals the March 28, 1989 decision of the Merit Systems Protection Board (board), docket No. DA075289100961, affirming the decision of the Department of Justice (agency) to remove Barnes from his position as legal technician at the Federal Correctional Institution at Bastrop, Texas. Barnes was removed for misappropriating a cheap, pornographic novelette from mail destined for an inmate. We affirm.
 
 OPINION
 
 2
 An agency's choice of penalty is discretionary, and will be overturned by this court only in exceptional circumstances. Schapansky v. Department of Transportation, FAA, 735 F.2d 477, 484 (Fed.Cir.) cert. denied, 469 U.S. 1018 (1984). While recognizing this court's limited scope of review, Barnes nevertheless argues that the agency abused its discretion because the punishment does not fit the crime.
 
 
 3
 Barnes cites Miquel v. Dept. of the Army, 727 F.2d 1081 (Fed.Cir.1984) in support of his argument. In Miguel we reversed the Army's decision to remove a civilian commissary cashier for stealing two bars of soap from the commissary. We held that the agency abused its discretion by giving inadequate consideration to the de minimis value of the articles taken ($2.10) and to Miguel's unblemished, indeed exemplary, 24-year tenure with the agency. Id. at 1083-84.[1]
 
 
 4
 Barnes correctly recognizes that the value of the novelette which he allegedly stole--$4.95--is, like the soap in Miguel, de minimis. However, that is the extent of the similarities between this case and Miguel. The theft committed by Barnes was not a lone black mark on an otherwise unblemished career, but rather was the third de minimis theft committed by Barnes in his relatively short seven year career. More important, perhaps, is the fact that Barnes was a mail handler, a public position which demands scrupulously trustworthy employees because there are few accounting safeguards to protect the public (here, inmates) from theft. Stated simply, the government has a right to expect mail handlers who can perform their duties without over-the-shoulder supervision. These factors, which we find persuasive, were not present in Miguel.
 
 
 
 [1]
 See the extensive discussion of Miguel in Dewitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984)